**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roy Lee LEACH, Defendant–Appellant.**

**No. 89–1798.**

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1990.

Roy Lee Leach, pro se.

Walter Reaves, West, Tex. (Court-appointed), for defendant-appellant.

Phillip Police, LeRoy Morgan Jahn, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, POLITZ, and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

Roy Lee Leach appeals his convictions for conspiracy to manufacture methamphetamine and conspiracy to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846. Finding that evidence concerning the guilty plea of the named coconspirator in the conspiracy-to-distribute count was placed before the jury improperly, we affirm the conviction and sentence for conspiracy to manufacture methamphetamine and reverse the conviction for conspiracy to distribute methamphetamine.

*Background*

Leach and Douglas Allen Smith met while serving sentences at the Federal Correctional Institution, La Tuna, New Mexico. Smith testified that Leach then informed him about a special way of cooking methamphetamine in pressurized containers, eventually involving Smith in the study of the chemical process. After their release from incarceration Leach and Smith began a used auto sales and salvage operation. Smith further testified that the business was used as a money-laundering vehicle and a means of providing the quick turnaround of cars tainted with the distinctive signature odors of methamphetamine. According to Smith there was substantial

methamphetamine manufactured at his home, on property owned by Leach in Moffatt, Texas, and in the Leach residence adjacent to the used car lot. Another witness attested to Leach's role as the leader in a methamphetamine manufacturing activity.

Execution of search warrants on the Leach residence and adjacent used car lot, and on the Leach property in Moffatt, yielded large quantities of precursor chemicals and materials used in the manufacture of methamphetamine, plus, *inter alia*, chemistry texts with relevant formulae highlighted, pressurized cannisters, pH paper, electronic scales, filters, syringes, glassware typically used in the manufacture of methamphetamine, and small quantities of amphetamine and methamphetamine. A small camper trailer to the rear of Leach's residence emitted the distinctive odor of a methamphetamine lab and contained equipment commonly used therein. In addition several weapons and electronic surveillance devices were seized.

Leach was charged in a superseding indictment with two conspiracy counts, conspiracy to manufacture methamphetamine with Smith, and conspiracy to distribute methamphetamine with Morris Allen Pritchett. A weapon charge was dismissed by the government.

In his opening statement the prosecutor promised to present the testimony of "people who have entered pleas of guilty and who are on their way to the federal penitentiary in this case." On direct examination the prosecutor elicited testimony from a law enforcement official that Pritchett had "been found guilty in this case,"[1] and that Smith "has been convicted of various drug crimes in this case." Pritchett in fact had pleaded guilty and although he was available for trial, was not called by the government to testify.

Smith entered a guilty plea, acknowledging such during his direct testimony.[2] The defense made no objection to the prosecutor's opening remark or to the eliciting of any of this testimony.

Leach was convicted by the jury on both counts and received concurrent sentences of 240 months imprisonment on each, plus five years of supervised release and the statutory $100 assessment. Leach appealed.[3]

### Analysis

Leach posits four assignments of error on appeal. His first, regarding his right to a speedy trial, and fourth, questioning the propriety of comments by the prosecutor during his closing argument to the jury, are without merit. The second, challenging the sufficiency of the evidence is belied, as relates to the conspiracy-to-manufacture count, by the voluminous record, candidly acknowledged by Leach to contain "tons of evidence [that at best] might tend to show the manufacture of methamphetamine." We agree. We do not reach the issue of the sufficiency of the evidence regarding the conspiracy-to-distribute count because of today's disposition of that charge.

The third assignment of error, however, presents a serious challenge to the fairness and propriety of Leach's trial on the conspiracy to distribute count. Leach maintains that the admission of evidence of his coconspirators' guilty pleas was reversible

1. The relevant examination was as follows:
   A. Morris Allen Pritchett is another defendant in this case.
   Q. And has he been found guilty in this case—
   A. Yes, sir, he has.
   Q. —of conspiring with that Defendant to distribute methamphetamine?
   A. Yes, sir, that's correct.

2. A third defendant, Doug Sutton, also testified and admitted on direct examination that he had pled guilty to distribution of methamphetamine. Leach was not charged with this offense.

3. The notice of appeal was filed two business days after the last day for filing. This is to be treated as timely under the direct criminal appeal guidelines set by this court pursuant to the teachings of *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Further, Leach had, before the deadline, filed a motion to appeal *in forma pauperis,* which "is the substantial equivalent of a notice of appeal and is effective to invoke appellate jurisdiction." *Fischer v. United States Dept. of Justice,* 759 F.2d 461, 464 (5th Cir.1985) (citation and footnote omitted).

error. With respect to Leach's conviction for conspiring with Pritchett, who did not testify and whose conviction played no part in Leach's defense, we agree.

■ Absent timely objections we must review this assigned error under the demanding plain error standard, inquiring whether this error seriously affected Leach's substantial rights. *United States v. Mattoni,* 698 F.2d 691 (5th Cir.1983). We conclude that it did. The factors we consider in reaching this decision include presence or absence of a limiting instruction, proper evidentiary purpose for introduction of the guilty plea, improper emphasis or use of the plea as substantive evidence, and whether the introduction was invited by defense counsel. *United States v. Black,* 685 F.2d 132 (5th Cir.1982) (citing *United States v. Fleetwood,* 528 F.2d 528 (5th Cir.1976)), *cert. denied,* 459 U.S. 1021, 103 S.Ct. 387, 74 L.Ed.2d 518 (1982); *see also United States v. Martin,* 790 F.2d 1215 (5th Cir.1986); *Mattoni,* 698 F.2d at 694.

■ Our precedents have made it abundantly clear that evidence about the conviction of a coconspirator is not admissible as substantive proof of the guilt of a defendant.[4] *United States v. Miranda,* 593 F.2d 590 (5th Cir.1979); *United States v. Harrell,* 436 F.2d 606 (5th Cir.1970) (citing, *inter alia, LeRoy v. Government of Canal Zone,* 81 F.2d 914 (5th Cir.1936)), *cert. denied,* 409 U.S. 846, 93 S.Ct. 49, 34 L.Ed.2d 86 (1972). We consistently have held a prosecutor's reference to such con-

victions to be plain error, *United States v. Corona,* 551 F.2d 1386 (5th Cir.1977); *Miranda,* 593 F.2d at 594–95; *Harrell,* 436 F.2d at 615 & n. 10, but we have recognized an exception to this rule when the record reflects a defensive strategy which relies on the coconspirators' guilt. *United States v. Handly,* 591 F.2d 1125 (5th Cir. 1979). In other words, while it is generally plain error to admit this evidence,[5] a defendant will not be heard to complain of its admission when he instigates such admission, or attempts to exploit the evidence by frequent, pointed, and direct references to the coconspirators' guilty plea. *Id.* at 1128 ("The record, from beginning to end, reveals that the defendant's emphasis on the guilty pleas of his coconspirators was *the* defense he chose to employ and not *a* defense which may or may not have been resorted to depending upon the content of the prosecutor's statement.") (emphasis in original).

*Conspiracy to manufacture methamphetamine.*

■ The first count charges Leach with conspiring with Smith to manufacture methamphetamine. Smith disclosed his guilty plea during direct examination as a government witness. We have recognized the permissibility of "blunt[ing] the sword' of anticipated impeachment by revealing the information first." *United States v. Marroquin,* 885 F.2d 1240, 1246 (5th Cir.1989) (instruction limiting plea to

---

4. Evidence of a coconspirator's conviction is admissible and commonly used for impeachment purposes. Moreover, we distinguish the instant case, as we did in *United States v. Handly,* 591 F.2d 1125, 1128 n. 1 (5th Cir.1979), from cases in which the prosecution introduces evidence of a witness's prior convictions unrelated to the trial. Preemptively introducing this evidence merely attempts "to take the wind out of the defendant's sails regarding the witness' credibility," *id.,* but does so with no prejudice to the defendant. In the case at bar, the prosecutor may well have intended merely to take the wind out of Leach's sails by admitting the convictions of his witnesses in this case; however, the prosecution did not call Pritchett as a witness.

5. We have held that this error can be corrected by a clear, cautionary instruction to the jury

"that it may consider the accomplice's guilty plea only to assess his credibility as a witness and not to create an inference of guilt against the accused." *United States v. Magee,* 821 F.2d 234, 241 (5th Cir.1987) (citing *United States v. Borchardt,* 698 F.2d 697, 701 (5th Cir.1983)); *United States v. Horton,* 646 F.2d 181 (5th Cir. 1981), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 388 (1981) & 455 U.S. 919, 102 S.Ct. 1274, 71 L.Ed.2d 459 (1982). In each of those cases, the defense either introduced evidence of the codefendants' convictions, or vigorously cross-examined the cooperating codefendants about their guilty pleas. These cases are inapposite to the facts at bar: today we only consider whether, *in absence of a curative instruction,* plain error exists when evidence of a guilty plea of a non-testifying coconspirator is introduced.

credibility of witness immediately given), *cert. denied,* —— U.S. ——, 110 S.Ct. 1807, 108 L.Ed.2d 938 (1990); *see supra* notes 4 & 5. Leach's attorney extensively cross-examined Smith about his guilty plea. He also discussed the conviction, at length, in his closing argument to the jury.

Leach's trial tactics, which included frequent references to Smith's guilty plea and to the bargain he likely struck with the government in exchange for it, add to our certainty that there was no reversible error with respect to this evidence and this conviction.

*Conspiracy to distribute methamphetamine.*

█ The conviction for conspiracy to distribute methamphetamine, however, is based on a body of evidence which notably includes inadmissible evidence, the admission of which, in the context of this case, constitutes reversible error. Pritchett did not testify. There was no legitimate reason for offering this evidence. The government remarkably suggests that when "it became apparent that Pritchett would not testify, Appellant should have acted to correct any perceived prejudice." Counsel misperceives the advocacy roles of the prosecutor and defense counsel. Neither is burdened with the task of remedying the trial mistakes of the other. Much more appropriately, when the prosecutor realized that Pritchett would not testify, assuming this realization came after the evidence of Pritchett's guilty plea was presented to the jury, the prosecutor should have sought an appropriate cautionary or admonitory instruction to the jury. Such an alert "backing and filling" *might* have salvaged the situation. The obligation to make that effort rested, however, on the prosecutor who had elicited the inadmissible testimony.

The government invites our attention to and seeks solace from two cases, *Handly,* and *United States v. Franicevich,* 465 F.2d 467 (5th Cir.1972). In both cases the convictions were affirmed. Neither is on point for neither involves the egregious error which taints this case. In *Handly* the prosecutor made reference in his opening

statement to the guilty pleas of two codefendants, disclosing in advance what his opponent would be expected to develop during cross-examination. In *Handly,* each of the coconspirators, whose convictions were disclosed, testified. Equally importantly:

> Throughout the trial, Handly's defense strategy was built upon emphasizing the unreliability of testimony of men who had admitted their guilt and inferring they were now seeking to lessen their punishment by supplying as much information to the government as possible, whether true or not. There is no indication that defense counsel's emphasis on the guilty pleas was prompted by the prosecutor's remarks; that emphasis appears, instead, to have been independent of the impropriety of the prosecutor.

*Handly,* 591 F.2d at 1128–29 (citations to the record omitted). In *Franicevich,* similarly, the defendant used the admitted "commission of the substantive offense by six other persons both as [an attack on] the credibility of the four of those who testified, and as an orderly way of narrating the evidence." 465 F.2d at 472 (footnote omitted). These cases embrace the exception which allows introduction of the evidence of a coconspirator's conviction for the same offense when that coconspirator testifies or the defense strategy relies substantially on the fact of the conviction. Pritchett did not testify and the record before us gives no indication that Leach even commented on Pritchett's conviction. The government's attempt to draw these cases as a protective mantle around Leach's conviction on Count Two is unavailing.

For these reasons, the conviction and sentence for conspiracy to manufacture methamphetamine is AFFIRMED and the conviction for conspiracy to distribute methamphetamine is REVERSED.