**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**
_____

No. 92-3286
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMAL ABU SAMAK,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
(November 15, 1993)

Before DUHÉ, EMILIO M. GARZA, Circuit Judges and STAGG,[1] District
Judge.

PER CURIAM:

Appellant Jamal Abu Samak challenges his conviction for
conspiracy to violate, and violation of, the Organized Crime
Control Act, 18 U.S.C. §§ 2, 34, 371, 844(i).  Finding no error, we
affirm.

FACTS

On March 12, 1991, Jamal Abu Samak recruited Daniel Joseph Lee
to burn down the building housing the Community Grocery Store.  The
building and grocery store were owned by Abdel and Tark Mousa.[2]  At

---

[1]  Senior Judge of the Western District of Louisiana, sitting by
designation.

[2]   The building was insured for $120,000, and the coverage for
personal property in the building was raised from $50,000 to
$75,000 in January 1991.  In mid-February 1991, Tark had offered
the grocery store manager $5,000 to burn the building, but the
manager declined and reported the offer to the Custom's Service.

approximately 3:00 a.m., Lee and Samak entered the Community Grocery Store building and poured two containers of gasoline in the apartment above the store and two containers into the grocery itself. As they were leaving the store, Samak attempted to lock Lee in the grocery. He threw a match in the store, causing a blast that threw Lee outside the building. An inhabitant of one of the apartments died in the fire.

Lee entered a guilty plea. Both Mousas entered guilty pleas to superseding bills of information. Samak went to trial on a second superseding indictment and was convicted by a jury on both counts. The district court sentenced Samak to five years of imprisonment on Count 1 and life imprisonment on Count 2 with the terms to run concurrently. Samak appeals.

DISCUSSION

I.

Samak's main contention is that Government exhibits 1 through 20 and 23 through 35 were not formally admitted into evidence by the district court, but were delivered to the jury for their deliberations. These exhibits were offered into evidence following the direct testimony of a Government expert, George M. Bradley. The district court reserved ruling on the admissibility of the exhibits until after defense counsel cross-examined Bradley. Following Bradley's cross-examination, the court made no further ruling, and defense counsel made no specific objections to the exhibits and no admissibility ruling was requested.

When there are no articulated reasons for an objection to

2

exclude evidence, the admission of such evidence will be reviewed for plain error. See United States v. Martinez, 962 F.2d 1161, 1166 n.10 (5th Cir. 1992). "Plain error is error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity, or public reputation of the judicial proceedings." United States v. Ayers, 946 F.2d 1127, 1131 (5th Cir. 1991). The Government admits that the record is unclear as to the formal admission of the exhibits, but the Government asserts, and Samak acknowledges, that the court's exhibit list shows that the exhibits in question were formally admitted. It is also beyond dispute that they were treated as if they had been admitted.

Samak has not suggested any reason why the exhibits should not have been admitted into evidence. He speculates that there may have been some basis for inadmissibility if his counsel had been allowed cross-examination. The record indicates, however, that Samak's trial counsel did conduct cross-examination of the witness whose testimony was related to the exhibits. Samak has produced nothing to show that there was any error much less a plain error by having these exhibits in evidence.

## II.

Samak next contends that he was denied due process because of acrimony between his trial counsel and the district court. "To constitute constitutional error . . . the trial court's action, viewed as a whole, must amount to intervention which could have led the jury to a predisposition of guilt by improperly confusing the

3

functions of judge and prosecutor." <u>United States v. Davis</u>, 752 F.2d 963, 974 (5th Cir. 1985). The Government has conceded, and we agree, that the record shows tension between the district court and trial counsel, but notes that many of the comments Samak complains of on appeal were made out of the jury's presence. Further, at the time of the charge the district judge admonished the jury to disregard anything that he may have said during the trial except for his instructions on the law.[3]

In <u>Davis</u>, we recognized that "[t]he trial court is not required to remain silent and passive." <u>Id.</u> at 975. The district court has a duty to "facilitate the orderly progress of the trial while maintaining the appearance of strict impartiality." <u>Id.</u> We

---

[3] Specifically, the trial court said:

> [D]uring the course of Trial, I have occasionally made comments to the Lawyers, or asked a question of a Witness, or admonished a Witness concerning the manner in which he should respond to the question of the Counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. In arriving at your own findings as to the facts, you should disregard anything I may have said during the Trial, except for my instructions to you on the Law.

> The Law of the United States permits the Judge to comment on evidence in the case. I do not believe that I have made any comments on the evidence in this case. However, if you could possibly construe any remarks which I have made during the course of this Trial as a comment on the evidence, then I instruct you that any such comment on my part is only an expression of my opinion as to the facts, and you, the jury, may disregard such comment or comments entirely since you, as jurors, are the sole judges of the facts in this case.

concluded that a curative instruction, such as that given by the district court in this case, would operate against a finding of constitutional error.  Id.  Viewed as a whole, the district court's conduct in this case did not prejudice the defense.

### III.

Samak argues that the presence of a Mousas' relative in the courtroom, together with his other complaints, amounted to such prejudice that his trial was rendered unfair.  During the course of the trial, Government and defense counsel informed the district court that a Mousas' relative was taking notes in the courtroom and requested that she be excluded.  The district judge questioned the woman as to her identity and upon discovering that she was a relative of the Mousas, instructed her that she was not to reveal any of the testimony that she heard in court.  No motions were made by either counsel, nor was any curative instruction given.  On appeal, Samak has not suggested how this incident adversely affected him, and accordingly, his claim is without merit.

### IV.

Finally, Samak contends that the district court should have instructed the jury that Lee's guilty plea could not be used as substantive evidence of Samak's guilt.  Samak neither requested such a jury charge nor objected to the jury charge given.  Absent timely objection, we review this assigned error under the plain error standard.  United States v. Mattoni, 698 F.2d 691, 694 (5th Cir. 1983).  The factors we consider when analyzing an admission of a co-conspirator's guilty plea include:  (1) presence or absence of

5

a limiting instruction; (2) proper evidentiary purpose in introducing the guilty plea; (3) improper use of the guilty plea as substantive evidence of the defendant's guilt; and (4) whether the introduction was invited by defense counsel. United States v. Leach, 918 F.2d 464, 467 (5th Cir. 1990), cert. denied, 111 S. Ct. 2802 (1991); United States v. Fleetwood, 528 F.2d 528, 532 (5th Cir. 1976).

Although our precedent has made it clear that evidence about a co-conspirator's conviction is not admissible as substantive proof of a defendant's guilt, we have recognized an exception when the record reflects a defense strategy that relies on the co-conspirator's guilt. Leach, 918 F.2d at 467. In other words, "a defendant will not be heard to complain of its admission when he instigates such admission, or attempts to exploit the evidence by frequent, pointed, and direct references to the co-conspirator's guilty plea." Id. at 467 (footnote omitted); see also United States v. Handly, 591 F.2d 1125, 1128 (5th Cir. 1979) (holding no plain error, even though there was no curative instruction, when defendant's emphasis of the guilty pleas was not the result of prosecutor's improper comment).

The record is clear that the admission of Lee's guilty plea was part of a defense strategy to bring Lee's credibility into question. Samak has not asserted, and the record does not indicate, that the Government attempted to use the guilty plea as substantive evidence of Samak's guilt. Because Samak relies substantially on the evidence of the guilty plea as part his

6

defense strategy, we cannot say there has been reversible error.

CONCLUSION

For the foregoing reasons, we affirm Samak's conviction and sentence.

AFFIRMED.