**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4476

THOMAS J. EPPS, JR., a/k/a Pony,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-95-151)

Submitted: March 31, 1997

Decided: April 21, 1997

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ann Mayhew Golski, Ashley L. Taylor, Jr., KAUFMAN &
CANOLES, Norfolk, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, Fernando Groene, Assistant United States Attorney,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Epps was convicted of conspiracy to possess with the intent to distribute heroin, cocaine, and cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp. 1997); and of distributing heroin in violation of 21 U.S.C.A. § 841(a)(1) (West 1981). He was sentenced to life imprisonment for the conspiracy conviction and a concurrent sentence of 360 months imprisonment for the distribution conviction. He appeals his convictions and sentences on numerous grounds.

Prior to trial, Epps's appointed counsel was disqualified because of a conflict of interest and new counsel was appointed. Epps claims that his Sixth Amendment right to counsel was denied as a result. At trial, Epps was tried with several codefendants. After the close of trial, but before the case was submitted to the jury, Epps's codefendants pled guilty. According to Epps, the court erred by advising the jury that Epps's codefendants had pled guilty and that the jury would consider only Epps's case. Epps also asserts that the new counsel that was appointed for him was ineffective. Addressing each argument in turn, we find no reversible error, and thus affirm Epps's convictions and sentences.

First, Epps asserts that the court violated his Sixth Amendment right to counsel by disqualifying his counsel because of a conflict of interest. Epps's claim is without merit. Indigent defendants do not have the right to a particular attorney. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). While the Sixth Amendment establishes a presumption in favor of counsel of choice, courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe; thus, a court may refuse to accept a defendant's waiver of conflict-free counsel in order to protect those

2

interests. See Wheat v. United States, 486 U.S. 153, 160-63 (1988); Hoffman v. Leeke, 903 F.2d 280, 288 (4th Cir. 1990). Here, the court found an actual conflict of interest in Epps's counsel simultaneously representing Epps and a coconspirator who pled guilty and was to testify at Epps's trial as a government witness. Accordingly, we find that the court did not abuse its discretion in granting the Government's motion to disqualify Epps's counsel and appoint new counsel.

Next, Epps contends that the court erred by informing the jury before closing argument that his codefendants had changed their pleas of "not guilty" to "guilty." By failing to contemporaneously object, however, Epps forfeited appellate review on this issue absent plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Further, this court examines the record as a whole because the evaluation of plain error claims is not to be an extraction of isolated instances of error; the question is whether the error was such as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice. See United States v. Cedelle, 89 F.3d 181, 185 (4th Cir. 1996).

While courts generally have agreed that evidence of a non-testifying codefendant's guilty plea should not be put before the jury, see, e.g., United States v. Leach, 918 F.2d 464, 467 (5th Cir. 1990); United States v. De La Vega, 913 F.2d 861, 866 (11th Cir. 1990), the court's announcement did not constitute plain error in this case. The court's reference to Epps's codefendants' guilty pleas was an isolated incident and not a repetitious attempt to link Epps to his codefendants. The jury listened to the evidence and viewed Epps and his codefendants for six days before Epps's codefendants changed their pleas; thus, the court needed to quash any possible jury speculation on why Epps's codefendants were no longer in the courtroom. Additionally, after final argument, the court instructed the jury to disregard the codefendants' guilty pleas, decide the case only on the evidence presented at trial, and that the burden to prove Epps guilty beyond a reasonable doubt remained on the Government. Epps offers no evidence that the jury's decision was influenced by factors outside the evidence, and juries are presumed to obey the instructions of the court. See Richardson v. Marsh, 481 U.S. 200, 206 (1987). Therefore, the district court's statement that Epps's codefendants pled guilty and that the jury would decide only Epps's case was not plain error.

3

Finally, Epps claims that counsel was ineffective for failing to object when the court advised the jury that Epps's codefendants had pled guilty. Claims of ineffective assistance of counsel should be raised in a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), unless the record shows conclusively that counsel did not provide effective assistance. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). The record does not so show; thus, this claim is without merit.

Accordingly, we affirm Epps's convictions and sentences. Additionally, we deny Epps's motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4