**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4787

DIA APRIL MONTAGUE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-98-205-DKC)

Submitted: November 23, 1999

Decided: December 28, 1999

Before WILKINS and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph O. Gregory, Sr., LAW OFFICES OF RANDOLPH O.
GREGORY, SR., Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Rod J. Rosenstein, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dia April Montague appeals her conviction and sentence for armed robbery of a credit union in violation of 18 U.S.C.§ 2113(a) and (d) (1994), and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999). Finding no reversible error, we affirm.

Montague asserts that the district court erred in admitting evidence of the guilty plea of a nontestifying co-defendant and admitting evidence of a prior specific instance of conduct relevant to Montague's credibility. Evidentiary rulings are reviewed by this court for abuse of discretion and are subject to harmless error review. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997).

We find that the district court did not abuse its discretion in admitting evidence of the guilty plea of a nontestifying co-defendant. As a general rule, we have held that evidence of a nontestifying defendant's guilty plea should be avoided whenever possible because the defendant on trial cannot probe the motivations for the guilty plea, and there is significant concern that the "defendant might be convicted based upon the disposition of the charges against the co-defendants, rather than upon an individual assessment of the remaining defendant's personal culpability." United States v. Blevins, 960 F.2d 1252, 1260 (4th Cir. 1992). In the instant case, however, Montague first disclosed her co-defendant's guilty plea in her opening statement as a defense strategy. We find that Montague's own disclosure of the plea waives her right to subsequently complain of its admission. See United States v. Leach, 918 F.2d 464, 467 (5th Cir. 1990).

We also find that the district court did not abuse its discretion in permitting cross-examination of Montague about a prior specific instance of conduct. Under Fed. R. Evid. 608(b), a specific instance

2

of conduct that is probative of Montague's character for truthfulness or untruthfulness may be inquired into on cross-examination in the discretion of the trial court. The court must balance the evidence's probative value against the danger of unfair prejudice, confusion of the issues, or misleading the jury. See Fed. R. Evid. 403. The appraisal of the probative and prejudicial value of evidence is entrusted to the sound discretion of the trial court and its appraisal, absent extraordinary circumstances, will not be disturbed. See United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990). We have reviewed the record and are satisfied that the district court made a proper appraisal of the probative and prejudicial value of this evidence.

Accordingly, we affirm Montague's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3