**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-40608**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RICHARD PAUL HASS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(6:96-CR-50-8)**
_____

November 26, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[1]

For this *pro se* appeal from the denial of 28 U.S.C. § 2255 relief, and under the requisite certificate of appealability granted by the district court, the principal issues are: whether, pursuant to **United States v. Leach**, 918 F.2d 464 (5th Cir. 1990), *cert. denied*, 501 U.S. 1207 (1991), reversible error occurred when the guilty pleas of non-testifying co-conspirators were introduced at the trial of Richard Paul "Buddy" Hass; and whether, concomitantly, Hass received ineffective assistance of counsel when

---

[1]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his trial and appellate counsel failed, respectively, to object and to contest the introduction of those guilty pleas. **AFFIRMED.**

### I.

Convicted for conspiracy to manufacture and distribute methamphetamine, Hass was sentenced to 262 months imprisonment and a ten-year period of supervised release. His conviction and sentence were affirmed on direct appeal. *United States v. Hass,* 150 F.3d 443, 451 (5th Cir. 1998), *cert. denied*, 531 U.S. 812 (2000). The evidence showed that Hass and his brother, Tommie Hass, "were involved in a large-scale methamphetamine distribution ring, mainly as suppliers to Terry Anderson". *Id.* at 446.

### II.

For this denial of § 2255 relief, issues of law are reviewed *de novo*; findings of fact, for clear error. *E.g.,* **Warren v. Miles**, 230 F.3d 688, 691 (5th Cir. 2000). Hass maintains: his court appointed trial counsel rendered ineffective assistance by failing to object and request a curative instruction when the Government referred to the guilty pleas of non-testifying co-conspirators (he claims the Government did so to show substantive evidence of guilt); and his substitute, retained appellate counsel rendered ineffective assistance by failing to raise this issue on direct appeal. Because both issues concern ineffective assistance of counsel *vel non*, we are guided by **Strickland v. Washington,** 466 U.S. 668 (1984), which requires showing both that counsel's performance was deficient; and that such deficient performance

prejudiced the defense. *Id.* at 687. Deficient performance is based on an objective standard of reasonableness, considering all the circumstances. *Id.* at 688. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and judicial review is highly deferential to counsel's performance. *Id.* at 689.

To show prejudice, Hass must show "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different". *Lavernia v. Lynaugh,* 845 F.2d 493, 498 (5th Cir. 1988) (*citing Strickland*, 446 U.S. at 694).

Because Hass contends counsel rendered ineffective assistance for failing to object to the introduction of non-testifying co-defendants' guilty pleas and failing to raise the issue on direct appeal, the linchpin is whether admission of the guilty pleas constituted reversible error. Evidence concerning the conviction of a co-conspirator is not admissible as substantive proof of guilt of the defendant, but a defense strategy based on a co-conspirator's guilt operates as an exception to the rule that admission of a guilty plea is plain error. *See United States v. Leach,* 918 F.2d 464, 467 (5th Cir. 1990). Other factors to consider when determining reversible error *vel non* include the presence of a limiting instruction, a proper evidentiary purpose for the plea, the improper emphasis on the plea as substantive evidence, and whether the introduction was invited by defense counsel. *See Leach,* 918 F.2d at 467.

3

Hass claims ineffective assistance through his trial counsel's failing to object to the introduction of the guilty pleas of several non-testifying co-conspirators. As discussed below, Hass has not shown a **Leach** error occurred: he has not shown any evidence of improper emphasis of the guilty pleas by the Government; the district court issued limiting instructions; and Hass and his co-defendant brother employed a defense strategy utilizing co-conspirators' guilty pleas.

1.

As stated, the Government did not improperly emphasize co-conspirators' guilty pleas. Both hereinafter-described references were in passing and were in relation to other evidence submitted for a proper purpose.

Jorge Teakell, who testified as a Government witness and stated he pleaded guilty to selling methamphetamine, admitted that his brother, Juan Teakell, entered a guilty plea in the conspiracy case.[2] Jorge Teakell testified: Juan Teakell's arrest precipitated

---

[2]    After Jorge Teakell testified that his brother Juan Teakell, who did not testify, was involved in the case, the testimony elicited by the Government was as follows:

> Q:    Okay.  And what happened to him, has –
>        did he enter a plea?
>
> A:    I believe he did.
>
> Q:    Okay.  So, he entered a plea of guilty to
>        the conspiracy just like you?
>
> A:    Yes.
>
> Q:    And he's over in the Smith County Jail,

Jorge Teakell's involvement in the conspiracy; Jorge Teakell's first sale of methamphetamine was to Hass and Terry Anderson; and Hass paid for the drugs.

The one other instance of Government-elicited testimony of a guilty plea occurred during the testimony of Calvin Reno, a Government witness not charged in the case. After testifying that he purchased drugs from Terry Anderson and her husband, Thomas Anderson, Reno testified that Terry Anderson identified "Juan" and "Buddy" as her suppliers. Reno further testified that he witnessed several drug deals between Terry Anderson and Hass. At the end of his testimony, the Government asked Reno about an address list and a list of telephone numbers. Reno identified several individuals on the mailing list, including Debra Longbine. The Government asked if Longbine had been a defendant in the case who pleaded guilty, and Reno responded affirmatively.

Again, our review of the record does not reveal any attempt by the Government to use these references to the guilty pleas of other co-conspirators as substantive evidence of Hass' guilt. *See **United States v. Samak,*** 7 F.3d 1196, 1199 (5th Cir. 1993). Considering the length of testimony by each witness and their specific testimony as to Buddy Hass, we cannot say that passing references to non-testifying co-conspirators' guilty pleas amounted to improper emphasis of the pleas by the Government.

---

also?

A:   Yes, he is.

5

If anything, as described below, the record reveals that references to guilty pleas to discredit witnesses and non-witnesses were part of a defense strategy by counsel for co-defendant Tommie Hass, and there is some indication that Hass' counsel used the same strategy during closing arguments. While cross-examining a DEA Agent, Tommie Hass' counsel asked whether Thomas Anderson, who did not testify, had entered a plea of guilty in the case. And, while cross-examining James Howard, an unindicted co-conspirator, Tommie Hass' counsel asked about the guilty pleas of Scott and Debra Longbine and Cheryl Cheek, all of whom did not testify. The references to guilty pleas were an attempt to discredit these individuals by showing their unreliability. Further, during closing arguments, Tommie Hass' counsel stated the evidence was probably sufficient "to convict those who [had] entered pleas", without distinguishing between those who did, and did not, testify; and Hass' and Tommie Hass' counsel repeatedly emphasized the guilty pleas of testifying co-conspirators. *See* **Samak,** 7 F.3d at 1198-99; **Leach,** 918 F.2d at 467-68.

Moreover, the district court issued limiting instructions. The jurors were instructed not to be "concerned with the guilt of any other person or persons not on trial as a defendant"; and, with respect to Hass' accomplices, the court stated: "The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence in and of itself of the guilt of any other person". A clear, cautionary instruction to the jury can correct the error

6

of admitting evidence of a co-conspirator's guilty plea. *See* ***United States v. Magee,*** 821 F.2d 234, 241 (5th Cir. 1987).

In sum, the jury instructions, the minimal emphasis on the guilty pleas by the Government, and the defense strategy, certainly of co-defendant Tommie Hass, lead us to conclude that the admission of the guilty pleas would not have been reversible error.

2.

Hass has not shown deficient performance by his trial counsel. Therefore, his ineffective assistance claim concerning his trial counsel fails. In the alternative, even if a ***Leach*** error occurred, Hass has not shown to any degree of probability that, "but for" his trial counsel's performance, the result of the trial would have been different. *See* ***Lavernia***, 845 F.2d at 498.

As our Court's earlier opinion for Hass' direct appeal makes clear, there was overwhelming evidence that Hass was guilty of conspiracy to manufacture and distribute methamphetamine. *See* ***United States v. Hass***, 150 F.3d at 445-47. While Hass continues to maintain he merely associated with many of the testifying witnesses, the evidence is to the contrary. Given the volume of testimony in this case, passing references to the guilty pleas of non-testifying co-conspirators during the first two days of a two-week trial does not amount to sufficient prejudice to show a reasonable probability that, had Hass' counsel objected, the result would have been different.

B.

As stated, Hass was represented by court appointed counsel at trial and was allowed to substitute retained counsel on appeal. For deficient performance with respect to his appellate counsel, Haas must show that his due process challenge concerning the admission of the guilty pleas "would have been sufficiently meritorious such that [Hass'] counsel should have raised it on appeal". *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000). For the prejudice prong, Hass must demonstrate plain error concerning the pleas' admission. *See Samak,* 7 F.3d at 1197.

For prejudice, *vel non*, and given our above discussion of the jury instructions, the absence of any evidence of improper emphasis by the Government, and the trial strategy of discrediting witnesses through the use of their guilty pleas, there was no error, much less plain error. Therefore, Hass' appellate counsel did not render ineffective assistance. *See Phillips,* 210 F.3d at 348. Counsel raised numerous issues on direct appeal, *see United States v. Hass*, 150 F.3d at 447, 448-49, 451, and his conduct fell within the "wide range of reasonable professional assistance" discussed in *Strickland*. 466 U.S. at 689.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

9