**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30456
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS L. JACKSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CR-10019-2

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Julius L. Jackson appeals from his conviction of assaulting a fellow prisoner and causing serious bodily harm. He contends that the Government engaged in misconduct during closing arguments by relying on his codefendants' guilty pleas as evidence of his own guilt and that the district court's instructions did not cure the Government's misconduct. Jackson did not object to the arguments or instructions in the district court; our review thus is for plain error. See FED. R. CRIM. P. 52(b).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defense counsel elicited the testimony of Jackson's codefendants that they had pleaded guilty. Counsel presented a theory of the case implicating the codefendants and not Jackson. Moreover, the testimony of one codefendant suggested that the victim initiated physical contact. Because Jackson relied on his codefendants' guilty pleas as part of his own case, the Government was allowed to use them as substantive evidence of Jackson's guilt. See United States v. Samak, 7 F.3d 1196, 1198-99 (5th Cir. 1993). Moreover, Jackson has not demonstrated that the prosecutor's remarks were prejudicial. See United States v. Rocha, 196 F.2d 219, 234 (5th Cir. 1990).

The district court's instruction regarding the codefendants' guilty pleas was sufficient to mitigate any suggestion by the Government that Jackson should be convicted because his codefendants pleaded guilty. See United States v. Mattoni, 698 F.2d 691, 694 (5th Cir. 1983). Finally, the timing of the instruction in Jackson's case does not diminish its curative effect. See United States v. Robins, 978 F.2d 881, 888 (5th Cir. 1992).

**AFFIRMED.**