# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2012

Lyle W. Cayce
Clerk

No. 11-50887
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KAMALBHAI KANTI PATEL, also known as Kamal Patel, also known as Kamalbhai Patel,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:92-CR-11-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Kamalbhai Kanti Patel, federal prisoner # 56496-080, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 591 of the Sentencing Guidelines. Patel pleaded guilty pursuant to a written plea agreement in 1992 to a superseding information that charged him with conspiracy to import heroin (Count One) and also charged him with witness tampering in violation of 18 U.S.C. § 1512(b)(1)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(Count Two). The district court determined Patel's offense level for the witness tampering count using the aggravated assault guideline in U.S.S.G. § 2A2.2 and sentenced Patel within the resulting guideline range to 293 months of imprisonment.

Section 3582(c)(2) "permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, its interpretation of the guidelines de novo, and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Amendment 591 clarified that a sentencing court should select the applicable offense conduct guideline in Chapter Two of the Guidelines based on only the offense charged in the indictment for which the defendant was convicted (or on an offense stipulated as part of a plea agreement), assisted by the Statutory Index in Appendix A of the Guidelines. U.S.S.G. App. C, amend. 591, at 29-32 (Supp. Nov. 1, 2000); *see also* U.S.S.G. App. C., amend. 607, at 85 (Supp. Nov. 1, 2000) (making Amendment 591 retroactive). Patel argues that retroactive application of Amendment 591 would lower his sentencing range because the Statutory Index in Appendix A specifies only one Chapter Two offense guideline for his witness tampering offense under 18 U.S.C. § 1512(b). However, the Statutory Index in the 1991 Guidelines Manual lists three offense conduct guidelines for § 1512(b): "2A1.2, 2A2.2, 2J1.2." As the subsequent amendment of this list was not retroactive, *see* U.S.S.G. § 1B1.10(c), p.s., the changes to the Statutory Index do not benefit Patel under § 3582(c)(2), *see* § 1B1.10, p.s., comment. (n.2).

Patel also contends that the district court improperly relied on his relevant conduct when it selected the aggravated assault guideline in § 2A2.2 rather than

the obstruction of justice guideline in U.S.S.G. § 2J1.2. However, he fails to show that his offense conduct charged in Count Two did not meet the Guidelines' definition of aggravated assault, *see* § 2A2.2, comment. (n.1) (1991), and he fails to show that the aggravated assault guideline in § 2A2.2 was not the "most appropriate" of the three offense conduct guidelines listed in the 1991 Statutory Index to apply in his case, U.S.S.G. App. C, amend. 591, at 30. Thus, Patel fails to show that his sentencing range has been lowered by the retroactive application of Amendment 591.

AFFIRMED.