# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMAL ABU SAMAK,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:91-CR-189-3

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jamal Abu Samak (Abu Samak), federal prisoner # 21826-034, appeals the denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court sentenced him to imprisonment for life for arson resulting in death and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 34, and 844(i) (1991), and to a concurrent term of five years of imprisonment for conspiracy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30046

to commit arson, in violation of 18 U.S.C. § 371.  *United States v. Abu Samak*, 7 F.3d 1196, 1197 (5th Cir. 1993).

Although Abu Samak invoked Amendment 591 to the Sentencing Guidelines, which the Sentencing Commission made retroactive, *see* U.S.S.G. App. C, amend. 607; U.S.S.G. § 1B1.10(d), p.s., the district court determined that Abu Samak was ineligible for a sentence reduction because the amendment did not actually lower Abu Samak's guideline range, *see* § 3582(c)(2); § 1B1.10(a)(2)(B), p.s.  We review that determination de novo. *United States v. Carter*, 595 F.3d 575, 577 (5th Cir. 2010).

Amendment 591 requires that a sentencing court select a Chapter Two offense guideline listed for the statute of conviction in the Statutory Index in Appendix A of the Guidelines.  U.S.S.G. App. C, amend. 591; *United States v. Patel*, 481 F. App'x 906, 907 (5th Cir. 2012).  If the Statutory Index lists more than one guideline for the statute of conviction, the court will determine which of the referenced guideline sections is "most appropriate" based on the offense conduct charged in the count of conviction, not relevant conduct.  Amend. 591 (codified at U.S.S.G. § 1B1.2(a), comment. (n.1); U.S.S.G. App. A intro. comment.).  Also, for a conspiracy offense, a court is to consider both the conspiracy offense guideline in U.S.S.G. § 2X1.1 and the offense guideline for the substantive offense.  Amend. 591 (codified at § 1B1.2(a)(1)).

At Abu Samak's initial sentencing, the district court applied U.S.S.G. § 2K1.4—the offense guideline listed in the 1991 Statutory Index for § 844(i), the arson statute of conviction.  Abu Samak fails to show that any offense guideline listed in the 1991 Statutory Index for his other statutes of conviction, such as § 34, was more "appropriate for the offense conduct charged in the count of which the defendant was convicted."  Amend. 591 (codified at U.S.S.G.

App. A intro. comment.); *see United States v. El-Zoubi*, 993 F.2d 442, 449-50 (5th Cir. 1993).

To the extent that he argues that the district court was not allowed to consider relevant conduct in applying the cross-reference in § 2K1.4(c) (1991), his argument is unavailing. His arson count charged, and the jury found, that "death resulted." Thus, the district court did not actually apply the cross-reference based on relevant conduct. Moreover, U.S.S.G. § 1B1.3(a) "requires that relevant conduct be applied to determine cross references 'unless otherwise specified.'" *United States v. Gonzales*, 996 F.2d 88, 91 (5th Cir. 1993) (quoting § 1B1.3(a)); *see also* § 1B1.3(a) (1991). Amendment 591 did not alter this language, *see* amend. 591, and nothing in § 2K1.4(c) (1991) specifies that relevant conduct should not be considered when applying the cross-reference. Accordingly, Amendment 591 has no bearing on cross-references like the one at issue here. *See United States v. Ross*, 37 F. App'x 714, 714 (5th Cir. 2002).

Abu Samak also makes arguments regarding the statutory maximum for his offense, which are misplaced. Amendment 591 directs courts to focus on the "conduct" comprising the offense of conviction when selecting an offense guideline, not the statutory penalty. *See* amend. 591. Consideration of statutory limits comes into play at a later step in applying the Guidelines. U.S.S.G. § 1B1.1(h) (1991); *see* U.S.S.G. §§ 5G1.1(c), 5G1.2(b) (1991). Also, to the extent that Abu Samak contends that a departure was warranted, this, too, is among the "'other guideline decisions'" that the district court was required to leave "'unaffected'" when considering whether Amendment 591 retroactively lowered Abu Samak's guideline range. *Dillon v. United States*, 560 U.S. 817, 827 (2010) (quoting § 1B1.10(b)(2), p.s.). In addition, Abu Samak's arguments against consideration of relevant conduct in light of *Apprendi v. New Jersey*,

No. 17-30046

530 U.S. 466 (2000), fall beyond the scope of § 3582(c)(2) proceedings. *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).

AFFIRMED.